# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Jane Doe 207 and Jane Doe 208, | ) | Civil Action No. 3:15-cv-01302-JMC |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| Octapharma Plasma, Inc., | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiffs Jane Doe 207 and Jane Doe 208 ("Plaintiffs") filed this personal injury action against Defendant Octapharma Plasma, Inc. ("Defendant") seeking actual and punitive damages, costs and disbursements of this action, and such other and further relief as the court deems just and proper. (ECF No. 1-1.)

This matter is before the court on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6) motion") on the basis that Plaintiffs' Complaint has failed to state a claim upon which relief may be granted (ECF No. 4), and Plaintiffs' Motion to Amend the Complaint pursuant to Fed. R. Civ. P. 15 ("Rule 15 motion") to state with more particularity the offensive conduct alleged so as to moot Defendant's Rule 12(b)(6) motion. (ECF No. 6.) For the reasons set forth below, the court **DENIES WITHOUT PREJUDICE** Plaintiffs' Rule 15 motion and **GRANTS** Defendant's Rule 12(b)(6) motion.

## I. RELEVANT BACKGROUND TO THE PENDING MOTION

The facts as viewed in the light most favorable to Plaintiffs are as follows.

Plaintiffs, presently adults, were victims of sexual abuse when they were children. (ECF No. 1-1 at 6.) Defendant employed Shane Martin ("Martin") at its Columbia location, and when Plaintiffs visited to donate plasma Martin isolated himself with Plaintiffs and engaged in

1

"inappropriate discussions and inappropriate physical contact . . . that intruded on their privacy, constituted a battery . . . and exacerbated their pre-existing injuries as childhood sexual abuse victims." (Id. at 7.) Defendant's staff did not supervise Martin and failed to respond to one Plaintiff's complaint about the length of time Martin was spending with the other Plaintiff. (Id. at 7.)

Plaintiffs filed this personal injury action for negligent supervision in the Court of Common Pleas, Fifth Judicial Circuit, Richland County, State of South Carolina (Id.), which Defendant removed to this court on March 23, 2015. (ECF No. 1.) In their Complaint, Plaintiffs allege that Defendant negligently supervised Martin and created the opportunity for him to exploit Plaintiffs. (ECF No. 1-1 at 7.)

Defendant filed a Rule 12(b)(6) motion on March 27, 2015, claiming that Plaintiffs' allegations were "wholly inadequate to state a claim upon which relief can be granted." (ECF No. 4 at 3.) Specifically, Defendant claims that Plaintiffs failed to allege sufficient facts to show either that Martin intentionally harmed them or that Defendant knew or should have known of the necessity to exercise control over Martin. (Id. at 3-4.)

Plaintiffs filed both a Response to Defendant's Rule 12(b)(6) motion and a Rule 15 motion on April 12, 2015. (ECF Nos. 5, 6.) Plaintiffs intend to moot Defendant's pending Rule 12(b)(6) motion with their Rule 15 motion. (ECF No. 6.) Plaintiffs do not concede that their Complaint lacks specific allegations, but they still provide additional details. (Id.) Plaintiffs' Amended Complaint adds that Plaintiffs have pre-existing mental health conditions as a result of their childhood sexual abuse. (ECF No. 6-1 at 1.) Plaintiffs also add that Martin isolated himself with them under the ostensible purpose of conducting a physical examination, which lasted over an hour for the first Plaintiff. (Id. at 2.) The Amended Complaint adds details of the interactions

between Plaintiffs and Martin, including discussions of sexual conduct and Plaintiffs' childhood sexual abuse, inquiries about the second Plaintiff's tattoos, touching of the second Plaintiff's breasts, and proposals of a "threesome" sexual encounter and other sexual acts. (Id. at 2-3.) These actions were conducted under the guise that they were necessary for the physical examination. (Id.) The Amended Complaint further adds that Plaintiffs twice called Defendant's regional offices to complain and got no response. (Id. at 3.)

Defendant filed a Response to Plaintiffs' Rule 15 motion on April 23, 2015. (ECF No. 7.)

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on Defendant's allegations that "there is complete diversity of citizenship between the parties under 28 U.S.C. § 1332(a)" and "it appears from the face of the Complaint, particularly the punitive damages claims, that the amount in controversy in this case is likely to exceed $75,000." (See ECF No. 1 at 2 ¶¶ 8, 11.)

## III.     LEGAL STANDARD

A.     Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff

can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

B.   Motions to Amend Pursuant to Fed. R. Civ. P. 15

A Rule 15 motion to amend allows parties to amend pleadings if "at trial, a party objects that evidence is not within the issues raised in the pleadings." Fed. R. Civ. P. 15(b)(1). "The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action of defense on the merits." Id. "The grant or denial of an opportunity to amend is within the discretion of the district court." Drager v. PLIVA USA, Inc. 741 F.3d 470, 474 (4th Cir. 2014) (citation omitted).

Leave to amend should be freely granted unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Steinburg v. Chesterfield Cnty. Planning Comm'n, 527 F.3d 377, 390 (4th Cir. 2008) (citation omitted). An amendment is considered futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules." U.S. ex rel. Wilson v. Kellogg

Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (citation omitted). In other words, a motion to amend should be denied as "futile when the proposed amended complaint fails to state a claim." Van Leer v. Deutsche Bank Sec., Inc., 479 F. App'x 475, 479 (4th Cir. 2012).

C.  Employer Liability for Negligent Supervision of Employee

Under South Carolina law:

> An employer may be liable for negligent supervision if the employee intentionally harms another when he: (i) is upon the premises in possession of the [employer] or upon which the [employee] is privileged to enter only as his [employee], or (ii) is using a chattel of [the employer], and ... [the employer] (i) knows or has reason to know that he has the ability to control his [employee], and (ii) knows or should know of the necessity and opportunity for exercising such control.

Degenhart v. Knights of Columbus, 420 S.E.2d 495, 496 (S.C. 1992).

"In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in . . . supervising . . . employee . . . ." James v. Kelly Trucking, Co., 661 S.E.2d 329, 330 (S.C. 2008). "The issue of an employer's knowledge concerns the employer's awareness that the employment of a specific individual created a risk of harm to the public." Williams v. Preiss-Wal Pat III, LLC, 17 F. Supp. 3d 528, 538 (D.S.C. 2014). Foreseeability "[is] analyzed in terms of the number and nature of prior acts of wrongdoing by the employee, and the nexus or similarity between the prior acts and the ultimate harm caused . . . . [T]he court should dispose of the matter on a dispositive motion when no reasonable factfinder could find the risk foreseeable or the employer's conduct to have fallen below the acceptable standard." Doe v. ATC, Inc., 624 S.E.2d 447, 451 (S.C. Ct. App. 2005).

5

## IV.   ANALYSIS

A.   <u>Defendant's Motion to Dismiss for Failure to State a Claim</u>

   1. *The Parties' Arguments*

Plaintiffs contend that the facts of their Complaint were sufficient to establish that Defendant knew or should have known it was necessary to exercise control over Martin. (ECF No. 6.) In their Amended Complaint, Plaintiffs specify that Defendant's knowledge was based on "the length of time Shane Martin spent with Plaintiff's exam and the complaint by the second Plaintiff about how long her sister's examination was taking." (ECF No. 6-1 at 4.) Plaintiffs assert this was sufficient information such that Defendant should have known it "should deprive Shane Martin of opportunities to exploit customers . . . [or] of the necessity and opportunity for exercising such control." (<u>Id.</u> at 4.)

   Defendant contends that in both the Complaint and Amended Complaint, Plaintiffs have failed to establish the necessary elements for a negligent supervision cause of action. (ECF Nos. 4, 7.) Specifically, Defendant argues the fact that the first Plaintiff's exam took over an hour and that the second Plaintiff asked why the exam was taking so long do not sufficiently establish that Defendant knew or should have known that Martin was acting inappropriately. (ECF No. 7 at 3.)

   2. *The Court's Review*

As both parties have limited their discussion to the element "knows or should know of the necessity and opportunity for exercising such control," the court will only make a determination of this matter and treat the other elements of negligent supervision as established from the facts construed most favorably for Plaintiffs.

   Plaintiffs have to provide sufficient facts that could lead to the reasonable inference that Defendant knew or should have known that they needed to supervise Martin. Employers have been held liable for negligent supervision when they were made aware of previous misconduct

6

similar to the injury complained of in the present case and failed to take action against the offending employee. See Doe by Doe v. Greenville Hosp. Sys., 448 S.E.2d 564, 568 (S.C. Ct. App. 1994) (Finding employer negligent for failing to act on knowledge of employer's prior sexual misconduct, even though the initial inappropriate conduct was not documented until after subsequent violations had occurred). However, if an employer has no knowledge that their employee has been engaged in wrongdoing, they cannot be found negligent for failing to act on circumstances of which they were not aware. See Brockington v. Pee Dee Mental Health Ctr., 433 S.E.2d 16, 18 (S.C. Ct. App. 1993) (Not finding employer negligent for an employee's sexual assault when all parties aware of the misconduct failed to inform employer, and there was no evidence in employee's personal history or record suggesting misconduct was a possibility); see also Hoskins v. King, 676 F. Supp. 2d 441, 446-47 (D.S.C. 2009) (Not finding employer negligent for fatality caused by employee's driving even though employer had information of employee's previous driving infractions). The only facts that Plaintiffs alleged that could have alerted Defendant of the necessity to exercise control over Martin were the length of the first Plaintiff's physical and the second Plaintiff's questioning of how long the procedure was taking. Even drawing all reasonable inferences for Plaintiffs, assuming that the physical was unusually long and the questioning should have aroused suspicion, it is not reasonable to assume that this information alone should have led Defendant to realize Martin was engaging in sexually explicit misconduct. Without any factual allegations that establish Martin had previously perpetrated this type of transgression, there can be no "nexus or similarity" drawn between nonexistent prior acts and the ultimate harm in this case. ATC, Inc., 624 S.E.2d at 451. It would be unreasonable to assume the questions of the second Plaintiff could have, on their own, aroused suspicion that the first Plaintiff was being subjected to this unfortunate misconduct. As such, Plaintiffs have failed

7

to plead a plausible complaint under the standard in Iqbal.

B.     Plaintiffs' Motion to Amend the Complaint

   1. *The Parties' Arguments*

Plaintiffs contend that the facts of their Complaint were sufficient to establish that Defendant knew or should have known it was necessary to exercise control over Martin, but provide "additional specific detail" to state their claim with more particularity. (ECF No. 6.)

Defendant contends that since the Amended Complaint fails to rectify the factual insufficiencies of the Complaint, the Rule 15 motion should be dismissed as futile. (ECF No. 7 at 1.) Defendant further contends that dismissal with prejudice is warranted, as this is Plaintiffs' "second bite at the apple." (Id. at 1.)

   2. *The Court's Review*

Since Plaintiffs' Amended Complaint still fails to state a plausible claim under Rule 12(b)(6), as is described in the court's discussion above, the Rule 15 motion is denied.

However, "dismissal with prejudice is an extreme sanction that must be examined carefully." North Carolina v. McGuirt, 114 F. App'x 555, 559 (4th Cir. 2004). Aggravating factors may present sufficient weight in favor of granting this sanction, including a plaintiff's persistence in failing to comply with Fed. R. Civ. P. 8(a). See, e.g., Id. at 559. As a denial with prejudice is such an extreme measure and Plaintiffs have not overly burdened the court with only one insufficient Amended Complaint, this sanction is not necessary though it does fall appropriately within the court's discretion.

## V.     CONCLUSION

For the reasons set forth above, the court **DENIES WITHOUT PREJUDICE** Plaintiffs' Rule 15 motion (ECF No. 6) and **GRANTS** Defendant's Rule 12(b)(6) motion (ECF No. 4).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 2, 2015
Columbia, South Carolina